UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

CASE NO.: _____

| | | |
|---|---|---|
| ERIC REED WALKER SR. | ) | 3:17-3439-TLW |
| | ) | |
| PLAINTIFF | ) | |
| | ) | COMPLAINT |
| vs. | ) | |
| | ) | |
| | ) | |
| THE UNITED STATES DEPARTMENT | ) | |
| OF VETERAN AFFAIRS | ) | |
| | ) | |
| DEFENDANT | ) | |

## COMPLAINT

COMES NOW, Eric Reed Walker Sr, hereinafter known as Plaintiff, and files his Tort Claims Act Complaint against United States of America for torturous acts committed by the Department of Veteran Affairs as more fully set forth herein:

### PARTIES, JURISDICTION AND VENUE

1.  At all times relevant to this Complaint Plaintiff Eric Reed Walker Sr. was a citizen resident of the state of South Carolina and resided in Richland County, South Carolina.

2.  Upon information and belief, the United States is a proper defendant under the provisions of 28 U.S.C. § 1346 (the Federal Tort Claims Act), hereinafter referred to as the FTCA. Pursuant to the FTCA, the United States is subject to suit "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

1

3. This court has jurisdiction of the matter pursuant to 28 U.S.C. § 1346(b)(1).

4. The acts and omissions which are the subject of this complaint occurred in the District of South Carolina, in Richland County, South Carolina at Dorn VA Medical Center.

## FACTUAL ALLEGATIONS

5. Dorn VA Medical Center (hereinafter "Dorn") is the hospital available to veterans in the Columbia, South Carolina area.

6. The United States and the Department of Veteran Affairs, its agents or employees provide health care to veterans at Dorn.

7. The Plaintiff presented to Dorn on May 5, 2015 complaining of abdominal pain on his left side and radiating in his left flank. The Plaintiff was advised on a treatment plan which included being admitted to Dorn.

8. As part of its protocol, employees of Dorn require each patient to provide a urine sample for the purposes of testing the urine for drugs or alcohol.

9. Acting within the scope of their employment, and as a result of the negligee of Dorn's employees, Plaintiff's urine sample was erroneously exchanged with the sample of another patient.

10. Dorn Emergency Room personnel informed Plaintiff that his stomach pains were a direct result of ingesting multiple illegal drugs, in particular, excessive cocaine. Dorn then promptly discharged Plaintiff and offered him pamphlets relating to one's treatment of substance abuse.

11. On May 11, 2015, Plaintiff presented to Lexington Medical Center Hospital (hereinafter "Lexington Medical") complaining of pain in the same areas but of greater intensity. Lexington Medical diagnosed Plaintiff with disease of the gallbladder and pancreas.

12. Lexington Medical performed the medically necessary surgeries in order to properly treat Plaintiff and Plaintiff incurred monetary damages from Lexington Medical's care.

## FOR A FIRST CAUSE OF ACTION
### Negligence and/or Gross Negligence as to the United States of America

13. Plaintiff realleges the previous paragraphs as if fully restated herein.

14. The United States by and through the Department of Veteran Affairs owed a duty to Plaintiff to provide care that meets the applicable standard of care.

15. Defendant breached it duty to Plaintiff in one or more of the following ways:

   a. In failing to properly assess Plaintiff when he presented to Dorn;
   b. In failing to properly diagnose Plaintiff;
   c. In failing to properly monitor Plaintiff;
   d. In failing to properly treat Plaintiff;
   e. In failing to properly perform appropriate testing and diagnostics of Plaintiff which would have provided the Defendants with the knowledge that he was experiencing disease of the gallbladder and pancreas.
   f. In failing to properly provide Plaintiff with correct information about his medical condition and thereby gain informed consent from him prior to treating him;
   g. In violating Federal regulations requiring actions to protect the safety and health of patients such as Walker, so as to constitute negligence, per se;
   h. In failing to properly train the Defendants' employees so as to allow them to have adequate and current training, credentials and skills to properly assess, monitor, treat and diagnose Plaintiff;
   i. In failing to have in place proper and adequate policies; procedures; protocols, rules and regulations for the assessment of Plaintiff condition or if such policies, procedures, protocols, rules and regulations were in place, in failing to enforce and follow such policies, procedures, protocols, rules and regulations.
   j. In failing to properly educate and train its employees, or if properly trained and educated in failing to allow its employees to exercise independent skill and judgment so as to appropriately and properly assess and diagnose Plaintiff.

16. As a direct and proximate result of Defendant's acts and/or omissions, Plaintiff sustained significant damages and injuries, including pain and suffering for an additional period of more than five days.

3

38.     As a result of the acts and omissions of the Defendant, Plaintiff is entitled to receive his actual damages in such amount as this court may deem just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this court Order judgment against United States of America in such an amount as this Court may determine proper, for reasonable costs associated with this action, as well as any other interest and fees to which Plaintiff and/or Plaintiff's counsel may otherwise be entitled, and for all other relief in law and equity which this court deems just and proper.

Respectfully submitted this 20th day of December, 2017.

Respectfully Submitted,

REEVES AND LYLE, LLC


s/ Todd R. Lyle
Todd R. Lyle
Federal I.D. No.: 12656
PO Box 11126
Columbia, South Carolina 29211
Office:          803-929-0001
Facsimile:    803-929-0927
Todd@ReevesAndLyle.com
Attorney for Plaintiff